## UNITED STATES v. REED.

(Circuit Court of Appeals, Second Circuit. June 4, 1894.)

### No. 139.

OFFICE AND OFFICER—SHIPPING COMMISSIONERS' EXPENDITURES—LIABILITY OF UNITED STATES.
Reasonable expenses of a shipping commissioner for necessaries incident to the discharge of his duties, including office rent, storage of deceased seamen's effects, cost of removal from one office to another, stationery, telephone charges, etc., constitute valid charges against the United States, in addition to his salary.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit by James C. Reed against the United States under the act of March 3, 1887 (24 Stat. 553), to recover disbursements made by him in the discharge of his duties as shipping commissioner of the United States at the port of New York. The circuit court rendered a judgment in favor of the petitioner in the sum of $4,035.71. The United States appealed.

In the court below the following findings of fact and conclusions of law were filed by WALLACE, Circuit Judge:

"First. That the petitioner, James C. Reed, was duly appointed the shipping commissioner of the United States of America, at the port of New York, and that he duly qualified and assumed and entered upon the discharge of the duties of such office prior to the 1st day of July, 1884.

"Second. That thereafter, and on or about the 26th day of August, 1884, the secretary of the treasury of the United States of America, under and pursuant

to the direction and powers contained in the act of congress entitled 'An act to remove certain burdens on the American merchant marine, and encourage the American foreign carrying trade and for other purposes,' approved June 26, A. D. 1884, determined and fixed the compensation of the petitioner, as such shipping commissioner at the port of New York, at the sum of four thousand dollars per annum, and, in addition thereto, one-half of the net surplus of the receipts of the office of such commissioner from fees earned, after the payment of salaries and expenses, not to exceed, however, the maximum sum of five thousand dollars in any one year.

"Third. That the petitioner herein continued to hold said office, and to discharge the duties imposed upon him as such shipping commissioner, from July 1, A. D. 1884, to March 1, A. D. 1891.

"Fourth. That during the period between July 1, 1884, and March 1, 1891, no change or modification in the compensation to be paid to and received by the said petitioner as such shipping commissioner was made.

"Fifth. That for the fiscal year commencing July 1, 1886, down to the 1st day of March, 1891, the surplus earnings of the office of shipping commissioner at the port of New York, of service fees, exceeded the necessary expenses incident to the conduct thereof and the discharge of the duties of such shipping commissioner, including the compensation of the petitioner, by the sum of twenty-four thousand seven hundred and ninety-five dollars and one cent.

"Sixth. That the petitioner has been allowed and paid each year, from the 1st day of July, 1884, down to the 1st day of March, 1891, as compensation for his services as shipping commissioner at the port of New York, at the rate of five thousand dollars per annum.

"Seventh. That from the 1st day of July, 1884, to the 20th day of May, 1886, the office of the petitioner, as shipping commissioner, was located at No. 187 Cherry street, in the city of New York, and that the rental of said premises, together with all the other expenses incident to the office and the discharge of the duties of the petitioner, were paid by the United States of America.

"Eighth. That on or about the 20th day of May, 1886, the office of the petitioner was, by direction of the secretary of the treasury, moved from No. 187 Cherry street to the United States barge office, in the city of New York, a building owned by the United States.

"Ninth. That the cost and expenses incident to such removal, and the fitting up of the United States barge office, were paid by the United States.

"Tenth. That on or about the 10th day of April, 1890, the petitioner, by the direction of the secretary of the treasury, removed from the barge office, and procured offices at No. 25 Pearl street, and storage room for deceased seamen's effects at No. 19 Pearl street, at an annual cost of fifteen hundred dollars.

"Eleventh. That the cost of such removal, and the furnishing of such offices, has not been paid by the United States.

"Twelfth. That between the 1st day of July, 1886, and the 1st day of March, 1891, the petitioner incurred sundry expenses, and was obliged to and did make sundry disbursements, amounting in the aggregate to the sum of four thousand and thirty-three dollars and seventy-one cents, for necessaries incident to the discharge of the duties imposed upon him by statute as such shipping commissioner, including rent of offices and storage of deceased seamen's effects, furnishing, cost of removal, stationery, telephone, 'Maritime Register,' ice, freight on blanks, safe-deposit vault, telegram, repairs, etc.

"Thirteenth. That the items for which said sum was disbursed were incident to his office.

"Fourteenth. That the said sum of four thousand and thirty-three dollars and seventy-one cents was a reasonable and fair charge for the same.

"Fifteenth. That, from time to time, reports were made monthly by the petitioner, as shipping commissioner, to the secretary of the treasury, which reports contained the items of the receipts and expenditures incurred and proposed to be incurred.

"Sixteenth. That the petitioner has duly demanded payment of the said sum of four thousand and thirty-three dollars and seventy-one cents of the United States, and that no part thereof has been paid.

## "Conclusions of Law.

"First. That the secretary of the treasury was authorized to determine the compensation of the petitioner as shipping commissioner at the port of New York, and, having exercised such authority, the compensation of the petitioner remained as so fixed (to wit, five thousand dollars per annum).

"Second. That the secretary of the treasury is authorized to regulate the mode of conducting the business in the shipping offices.

"Third. That all expenditures made by shipping commissioners in the discharge of the duties imposed upon them by the statutes of the United States or the regulations of the treasury department are to be audited and adjusted in the treasury department.

"Fourth. The petitioner is entitled to have and receive from the United States of America the sum of four thousand and thirty-three dollars and seventy-one cents.

"Judgment is therefore rendered for the petitioner for the sum of four thousand and thirty-three dollars and seventy-one cents."

Henry C. Platt, U. S. Atty.
George E. P. Howard, for appellee.

No opinion.    Affirmed in open court.